IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DALLAS MEDICAL CENTER LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-cv-2754-E |
| | § | |
| UNITED GOVERNMENT SECURITY | § | |
| OFFICERS OF AMERICA INT'L UNION | § | |
| and CORESOURCE INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Remand (Doc. No. 7). This case was removed from state court on the basis of federal question jurisdiction. Plaintiff contends its claims do not present a federal question. The question before the Court is whether Plaintiff's state-law claims are preempted by the Employment Retirement Income Security Act of 1974 (ERISA). For reasons that follow, the Court grants the Motion to Remand.

The following allegations are taken from the state court petition of Plaintiff Dallas Medical Center LLC, a Dallas hospital. Plaintiff filed this lawsuit against two defendants, United Government Security Officers of America International Union (UGSOA), a union organized under the National Labor Relations Act, and CoreSource Inc. In August 2017, an unnamed patient had knee replacement surgery at Plaintiff hospital. The patient had a self-funded health insurance plan ("the plan") sponsored by UGSOA under ERISA. The patient's hospital bill for Plaintiff's services was almost $245,000. As instructed by the plan, Plaintiff submitted its claim for payment to CoreSource, an agent for UGSOA. In October 2017, in response to a request from CoreSource for

more information, Plaintiff sent in further documentation, including an itemized bill, operative report, implant log, and clinical notes.

CoreSource contacted Plaintiff and proposed a settlement under which Plaintiff would accept a 10% discount off the full amount of the billed charges. CoreSource sent Plaintiff a Discount Confirmation Form signed by its critical claims manager. On December 18, 2017, Plaintiff signed and returned the form. Under this agreement, CoreSource would pay Plaintiff $220,072.50 and Plaintiff would accept that amount in full payment of the patient's account. Plaintiff alleges that Defendants have refused to tender any payment.

Plaintiff asserts two claims—breach of contract and fraud in the inducement. Plaintiff alleges that Defendants breached the agreement to pay $220,072.50. It further alleges that Defendants represented that they intended to pay Plaintiff the agreed discounted amount. Defendants intended for Plaintiff to rely on this representation, and Plaintiff did reasonably rely on it. Plaintiff alleges Defendants never intended to fulfill their obligations under the agreement.

With UGSOA's consent, CoreSource removed this case to this Court on the basis of federal question jurisdiction. In its notice of removal, CoreSource alleged that some or all of Plaintiff's claims are completely preempted by ERISA. Plaintiff moved to remand the case. It asserts there is no basis for federal jurisdiction. According to Plaintiff, its claims do not constitute a suit for benefits under ERISA. Rather, it argues that it seeks benefits under the parties' agreement, and the mere involvement of an ERISA plan does not create a federal question.

In its response to Plaintiff's motion to remand, CoreSource relies solely on Plaintiff's fraud in the inducement claim to show federal question jurisdiction. Therefore, the Court limits its analysis to that claim. CoreSource argues that this Court has jurisdiction because Plaintiff's fraudulent inducement claim implicates the terms and conditions of a benefit plan governed by

2

ERISA. CoreSource asserts that Plaintiff's fraudulent inducement claim involves CoreSource's administration and handling of the patient's claim pursuant to the plan, the terms of the Plan incorporated by reference into the parties' agreement, and Plaintiff's right to payment under the plan. CoreSource argues ERISA completely preempts this claim.

The party invoking removal jurisdiction bears the burden of proving the federal court has subject matter jurisdiction. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Because removal raises significant federalism concerns, any doubts as to the propriety of removal should be resolved in favor of remand. *Id.*

ERISA is a comprehensive federal statute that regulates employee benefit plans. *Miletello v. R M R Mech., Inc.*, 921 F.3d 493, 495 (5th Cir. 2019). The purpose of ERISA preemption is to establish the regulation of benefit plans as an exclusively federal concern. *See Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1217 (5th Cir. 1992). There are two types of preemption under ERISA—complete and conflict. *See Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336–37 (5th Cir. 1999). Complete preemption is an exception to the well-pleaded complaint rule. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207–08 (2004). It provides grounds to remove a case from state court, even though the complaint does not affirmatively allege a federal claim, because Congress may so completely preempt a particular area such that "any civil complaint raising this select ground of claims is necessarily federal in character." *Ford v. Freemen*, 388 F. Supp. 692, 699 (N.D. Tex. 2019) (citing *Arana v. Ochsner Health Plan*, 338 F.3d 433, 437 (5th Cir. 2003)). Complete preemption stems from ERISA section 502(a), which sets forth a comprehensive civil enforcement scheme. *Id.* (citing *Davila*, 542 U.S. at 208). The effect of complete preemption is that "any state-law cause of action that duplicates, supplements, or supplants" this scheme conflicts with the congressional intent to make ERISA an exclusive remedy, and "and is therefore

3

preempted." *Id.* In contrast, conflict preemption does not provide grounds for removal, but instead functions solely as an affirmative defense to a state-law claim. *See Ellis v. Liberty Life Assur. Co. of Boston*, 394 F.3d 262, 275 n.34 (5th Cir. 2004); *Ford*, 388 F.Supp. at 701. CoreSource maintains there is complete preemption in this case.

The Supreme Court has held that if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely preempted by ERISA. *Davila*, 542 U.S. at 210; *see* 29 U.S.C. § 1132. Accordingly, under this analysis, this case is removable only if 1) Plaintiff could have brought its fraud in the inducement claim under § 502, and 2) no other independent legal duty supports the claim.

ERISA confers standing to sue to recover benefits due under a plan on participants and beneficiaries. *Dallas Cty. Hosp. Dist. v. Assocs. Health & Welfare Plan*, 293 F.3d 282, 285 (5th Cir. 2002). Because a health care provider such as Plaintiff does not have independent standing to seek redress under ERISA, the provider must be capable of classification as a participant or beneficiary to invoke ERISA. *Id.*; *see Tango Transport v. Healthcare Fin. Servs. LLC*, 322 F.3d 888, 893–94 (5th Cir. 2003). CoreSource argues that Plaintiff received an assignment from the unnamed patient.

In its Motion to Remand, Plaintiff argues that it has not brought this suit as an assignee of the patient. Instead it sues as a party in privity of contract with Defendants, asserting that they have not paid in accordance with the discount agreement made independently of the plan. CoreSource responds that the record clearly demonstrates that Plaintiff could have brought a claim under ERISA. It directs the Court to two paragraphs of Plaintiff's state court pleading. Those paragraphs do not mention the issue of an assignment. And the case cited by CoreSource for the

proposition that Plaintiff has standing to sue under the plan does not further CoreSource's position. Rather, in the cited case the court states for a fact that the plaintiff's patients assigned their rights, which suggests that there was evidence in the record to show an assignment. *See Lone Star OB/GYN Assocs. v. Aetna Health Inc.*, 579 F.3d 525, 529 n.3 (5th Cir. 2009). Here there is no such evidence. The Court cannot accept CoreSource's contention that Plaintiff is a beneficiary for purposes of ERISA. There has been no showing that Plaintiff has been designated as such either by the patient or under the terms of the plan. *See Dallas Cty. Hosp. Dist*, 293 F.3d at 289; *see also Tenet Healthsys. Hosps., Inc. v. Coventry Health Care of La., Inc.*, No. 07-5270, 2008 WL 160941, at *2 (E.D. La. 2008). Thus, CoreSource cannot show that Plaintiff could have brought its claim under ERISA.

In addition, even if Plaintiff did have standing to bring an ERISA claim, CoreSource has not established that there is no other independent legal duty implicated by Defendants' actions. Plaintiff's claims arise from the discount agreement it entered into with Defendants, which created a legal duty independent of ERISA. *See Tenet Healthsys.*, 2008 WL 160941, at *3. This is not a case where interpretation of the terms of the benefit plan form an essential part of the state-law claim. *Cf. Davila*, 542 U.S. at 213.

The Court concludes that ERISA does not preempt Plaintiff's fraud in the inducement claim against Defendants. Because the Court lacks federal question jurisdiction, the Court grants Plaintiff's Motion to Remand and remands this case to the 192nd District Court of Dallas County, Texas, where it was assigned cause number DC-19-16565.

**SO ORDERED.**

Signed August 13, 2020.

_____
Ada Brown
UNITED STATES DISTRICT JUDGE